**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JULIETTE MARIE McSHANE, | No. 13-35116 |
| Petitioner - Appellant, | D.C. No. 3:08-cv-01443-MO |
| v. | |
| HEIDI R. STEWARD, Superintendent, Coffee Creek Correctional Facility | MEMORANDUM[*] |
| Respondent - Appellee. | |

Appeal from the United States District Court
for the District of Oregon
Michael W. Mosman, District Judge, Presiding

Submitted September 23, 2014[**]

Before:    W. FLETCHER, RAWLINSON, and CHRISTEN, Circuit Judges.

Oregon state prisoner Juliette Marie McShane appeals from the district

court's judgment denying her 28 U.S.C. § 2254 habeas corpus petition. We have

jurisdiction under 28 U.S.C. § 2253. We review de novo a district court's denial of

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

a habeas corpus petition, *see Stanley v. Cullen*, 633 F.3d 852, 859 (9th Cir. 2011), and we affirm.

McShane contends that her trial counsel was constitutionally deficient in failing to advise her that the charge of attempted aggravated murder required the state to prove that she personally and intentionally attempted to kill the victim. She further contends that, had trial counsel so advised her, she would have proceeded to a jury trial rather than enter into her plea agreement. The record reflects that trial counsel advised McShane that the state would have to prove that she intended to kill the victim. Accordingly, the state court's conclusion that counsel was not constitutionally deficient was neither contrary to, nor an unreasonable application of, *Strickland v. Washington*, 466 U.S. 668 (1984). *See* 28 U.S.C. § 2254(d)(1); *Harrington v. Richter*, 131 S. Ct. 770, 788 (2011) ("When § 2254(d) applies, the question . . . is whether there is any reasonable argument that counsel satisfied *Strickland*'s deferential standard.").

**AFFIRMED.**